**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

|   |   |
|---|---|
| BUSINESS SYSTEMS CONSULTANTS, INC.,<br><br>                              Plaintiff,<br><br>     v.<br><br>TREND MICRO INCORPORATED and DELL, INC.,<br><br>                              Defendants. | Civil Action No. 11-cv-12287<br><br>DEMAND FOR JURY TRIAL |

**COMPLAINT FOR TRADEMARK INFRINGEMENT,**
**UNFAIR COMPETITION, AND DECEPTIVE TRADE PRACTICES**

Plaintiff Business Systems Consultants, Inc. ("BSCI") brings this complaint against defendants Trend Micro Incorporated ("Trend Micro") and Dell, Inc. ("Dell") (collectively "Defendants") for Defendants' infringement of BSCI's federally registered trademark and common law trademark rights, and unfair competition and deceptive trade practices. As its complaint against Defendants, BSCI alleges as follows:

**NATURE OF THE ACTION**

1.      This is an action for trademark infringement, false designation of origin, and unfair competition pursuant to the Lanham Act, 15 U.S.C. § 1051 *et seq*, and deceptive trade practices under the Regulation of Business Practices for Consumers Protection 93A M.G.L. §1 *et seq*. As will be set out in greater detail below, Defendants have knowingly and willingly sold, offered for sale, marketed and advertised products using the trademark WORRY-FREE, which is confusingly similar to BSCI's federally registered and common law trademark WORRY-FREE

IT. Unless this Court enjoins Defendants' conduct, their use of the mark will continue to cause a likelihood of confusion with, and irreparable harm to, BSCI and its marks.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over the subject matter of this Complaint pursuant to 15 U.S.C. §1121 and 28 U.S.C. §§ 1331, 1338(a) and (b). The amount in controversy exceeds $75,000.00. This Court has supplemental jurisdiction over the pendant state law claims pursuant to 28 U.S.C. §1367(a).

3.      Venue and personal jurisdiction are proper in the District of Massachusetts under 28 U.S.C. §1391(b) and (c) and 15 U.S.C. §1121, since, *inter alia*, a substantial part of the events or omissions giving rise to the claims in the district and Defendants have promoted the goods on the internet and sold product to residents of Massachusetts that uses a mark confusingly similar to BSCI's marks. Further, Defendants are foreign entities, being organized in California and Delaware respectively, and the products have been marketed and sold on websites with the intent of transacting business in Massachusetts in a manner that has had a substantial impact on Massachusetts.

## PARTIES

4.      BSCI is a Massachusetts corporation with its principal place of business at 100 Cummings Center Suite 207C, Beverly, Massachusetts 01915.

5.      Upon information or belief, Defendant Trend Micro Incorporated is a corporation organized under to the laws of the State of California, and having a principal place of business at 1010 North De Anza Boulevard, Cupertino, California 95014.  Upon information and belief, Trend Micro Incorporated has advertised and sold the products marketed with the mark

infringing the WORRY-FREE IT mark on the internet and sold products to residents of the Commonwealth.

6.    Upon information or belief, Defendant Dell, Inc. is a corporation organized under the laws of the State of Delaware, with a principal place of business at One Dell Way, Round Rock, Texas 78682. Upon information and belief, Dell, Inc. has advertised and sold the products marketed with the mark infringing the WORRY-FREE IT mark on the internet and sold products to residents of the Commonwealth.

## FACTS COMMON TO ALL COUNTS

7.    BSCI is the sole and exclusive owner of the incontestable U.S. Trademark Registration No. 2,786,248 for the mark WORRY-FREE IT for use in connection with "distributorships in the field of used computer hardware and software" in International Class 35, and "computer consulting services in the field of design, selection, implementation and use of computer hardware and software systems for others and technical support services, namely, trouble shooting of computer hardware and software problems" in International Class 42.  BSCI has continuously used the WORRY-FREE IT mark in connection with these services since at least as early as July 2001. See Exhibit A.  The registration remains in full force and effect.

8.    BSCI is also the sole and exclusive owner of the U.S. Trademark Registration No. 3,695,130 the mark WORRY-FREE IT for use in connection with "computer hardware; computer servers" in International Class 9.  BSCI has continuously used the WORRY-FREE IT mark since at least as early as July 2001 in connection with these goods. See Exhibit B. The registration remains in full force and effect.

9.     BSCI's federal trademark registrations were duly and legally issued, are valid and subsisting, and constitute prima facie evidence of BSCI's exclusive ownership of the WORRY-FREE IT mark.

10.     Furthermore, BSCI has consistently used the WORRY-FREE IT mark for over a decade to identify the source of the goods and services to which it is attached. Through its consistent use of the WORRY-FREE IT mark, it has acquired extensive common law rights in the mark.

11.     BSCI has invested significantly in the advertising, promotion and development of the WORRY-FREE IT mark. As a result of such advertising and promotion, BSCI has established substantial goodwill and widespread recognition in its WORRY-FREE IT mark, and the mark have become associated with BSCI by customers, potential customers, and the general public at large.

12.     To create and maintain goodwill among its customers and the public at large, BSCI has taken substantial steps to ensure that the products bearing and the services associated with the WORRY-FREE IT mark are of the highest quality. As a result, BSCI products and services are recognized as symbols of high quality products and services.

13.     The popularity of the goods and services offered under the WORRY-FREE IT mark continues to grow, and BSCI has a reasonable expectation of expansion into related product lines and services.

14.     Defendant Trend Micro offers computer security software and support services.  It has adopted the designation WORRY-FREE for use in connection with these services.  Trend Micro is clearly using the WORRY-FREE mark as a trademark, which is demonstrated by its

prominent and consistent use of the ™ symbol adjacent to the WORRY-FREE mark. See Exhibit C.

15.    Defendant Dell is a leading seller of computers and accessories.  Dell has partnered with Trend Micro to offer the WORRY-FREE branded products and services in connection with its computer products.

16.    Defendants' unauthorized use of the WORRY-FREE designation in connection with the promotion and sale of goods and services that are similar to, and in the same channel of trade as, the products and services BSCI currently offers, as well as being the same type for which it has a reasonable expectation of expansion, will likely cause consumer confusion or mistake, or deceive the consumers, as to the source of the goods.

17.    Defendants' unauthorized use of the WORRY-FREE mark falsely implies an endorsement from, or affiliation with, BSCI.

18.    Unless restrained and enjoined, Defendants are likely to continue to commit the acts complained of herein, all to BSCI's irreparable harm.

**Count I**
**Federal Trademark Infringement under 15 U.S.C. § 1114(1)**

19.    BSCI hereby restates each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

20.    Defendants' unauthorized use of the WORRY-FREE designation and approximations and simulations thereof on and in connection with its products and services in interstate commerce is likely to cause confusion, mistake, or deception with BSCI's WORRY-FREE IT mark as to the source of the goods, or imply BSCI's association with or sponsorship of the products and services.

21.     BSCI has been and is being damaged by Defendants' trademark infringement and has no adequate remedy at law. Defendants' unlawful conduct will continue to damage BSCI unless this Court enjoins Defendants.

22.     Based on Defendants' previous and continuing knowledge of the WORRY-FREE IT Marks and continued activities, Defendants' trademark infringement is willful.

### Count II
### False Designation Of Origin under 15 U.S.C. § 1125(a)

23.     BSCI hereby restates each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

24.     Defendants' adoption and use of the designation WORRY-FREE and approximations or simulations thereof constitutes use of a false designation of origin or a false representation, which wrongfully and falsely designates, describes, or represents the origins of Defendants' goods and services as being those of the Plaintiff which is not the case and therefore constitutes a false designation or representation used in interstate commerce.

25.     Defendants' infringing acts have been committed willfully with the intent to cause confusion and mistake, and to deceive.

26.     Defendants have unfairly competed with BSCI as alleged herein with the intent to deceive the public into believing the goods and services offered by Defendants are provided by, approved by, sponsored by or affiliated with BSCI.

27.     BSCI has been and will be damaged by such violation and has no adequate remedy at law. Defendants' unlawful and willful conduct will continue to damage BSCI unless the Court enjoins Defendants.

28.     Based on Defendants' previous and continuing knowledge of the WORRY-FREE IT mark and continued activities, Defendants' false designation violation is willful.

6

## Count III
## Unfair and Deceptive Trade Practices under M.G.L. c. 93A

29.     BSCI hereby restates each and every allegation contained in the foregoing

paragraphs as if fully set forth herein.

30.     By reason of the foregoing, Defendants have engaged in, and continue to engage

in, acts of unfair and deceptive competition in violation of Massachusetts law.

31.     Such conduct on the part of Defendants has caused and will continue to cause

irreparable harm to BSCI, for which BSCI has no adequate remedy at law.

32.     Such conduct on Defendants' part has caused and will continue to cause BSCI

damage.

## Count IV
## Trademark Infringement under Massachusetts Common Law

33.     BSCI hereby restates each and every allegation contained in the foregoing

paragraphs as if fully set forth herein.

34.     As alleged above, Defendants have infringed BSCI's senior common law

trademark rights in the WORRY-FREE IT mark.

35.     Defendants' acts alleged herein have diluted and harmed BSCI's WORRY-FREE

IT Marks and the goodwill associated with them. Therefore, BSCI has suffered, and will

continue to suffer, damages and injuries to its business, reputation and goodwill, for which BSCI

has no adequate remedy at law unless this Court enjoins Defendants' behavior.

36.     Such conduct on the part of Defendants has caused and will continue to cause

irreparable harm to BSCI.

## RELIEF REQUESTED

For the above stated reasons, BSCI requests that the Court:

1.      Preliminarily and permanently enjoin Defendants, including all partners, officers, agents, servants, employees, attorneys and all those persons and entities in active concert or participation with them, from using the WORRY-FREE IT mark or any mark confusingly similar thereto, including, but not limited to, WORRY FREE, whether alone or in combination with other words or symbols, and from any further infringement, false designation of origin, unfair competition and unfair trade practices;

2.      Enter judgment that Defendants willfully engaged in trademark infringement, unfair competition and unfair trade practices under the laws of the United States and Commonwealth of Massachusetts;

3.      Issue an order requiring Defendants, their agents, servants, employees, officers, directors, affiliates, attorneys, assigns and all others active in concert or participation with them or otherwise controlled by them, as well as any others that may become aware of the enjoinment ordered by the Court, to forfeit for destruction all devices, products, components and any materials of any type containing the infringing marks;

4.      Award BSCI its damages, in addition to Defendants' profits, as a result of Defendants' willful acts of trademark infringement pursuant to 15 U.S.C. § 1117(a), or otherwise;

5.      Award BSCI its damages, in addition to Defendants' profits, as a result of Defendants' deceptive trade practices; acts of trademark infringement pursuant to Mass. Gen. Laws ch. 93A §11, or otherwise;

5.      Award Plaintiff treble damages pursuant to 15 U.S.C. § 1117(b);

6.      Award Plaintiff treble damages pursuant to Mass. Gen. Laws ch. 93A, §11;

7.      Award Plaintiff such further relief as this Court may deem just and proper.

PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL COUNTS.


Respectfully submitted,

BUSINESS SYSTEMS CONSULTANTS, INC.

By its attorneys,


Dated: December 22, 2011                    /s/Aaron Silverstein

                                            Aaron Silverstein, Esq.
                                            (BBO No. 660716)
                                            Keith Toms, Esq.
                                            (BBO No. 663369)
                                            SAUNDERS & SILVERSTEIN LLP
                                            14 Cedar Street, Suite 224
                                            Amesbury, MA 01913
                                            P: 978-463-9100
                                            F: 978-463-9109